# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVID COLE, | ) | |
| # 440180, | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:17-cv-01197** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| v. | ) | |
| | ) | |
| WARDEN F/N/U WASHBURN, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

David Cole, an inmate of the Trousdale Turner Correctional Center in Hartsville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Warden f/n/u Washburn, Chief Johana Veal, f/n/u Lopez, Sergeant f/n/u Older, Sergeant f/n/u Douglas, Trousdale Turner Correctional Center, "Core Civics of America," Tennessee Department of Corrections, Trousdale Turner County, City of Hartsville, and the State of Tennessee, alleging violations of the Plaintiff's civil rights. (Doc. No. 1). As relief, the Plaintiff seeks injunctive relief, a declaratory judgment, compensatory damages, punitive damages, and nominal damages. (Id. at 9).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.    PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a

1

governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.    Section 1983 Standard

Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983.   Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."  To state a claim under § 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law.  Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III.    Alleged Facts

The complaint alleges that, on June 29, 2017, while an inmate of the Trousdale Turner Correctional Center, Defendant Veal instructed Defendants Lopez, Douglas, and Older to place the Plaintiff in segregation.  These Defendants placed the Plaintiff in a segregation cell with an inmate who told the officers "not to put anyone in the cell with him or he would stab them."  (Doc. No. 1 at 7).  Upon hearing this statement, the Plaintiff asked to be placed in a different cell, but the Defendants Lopez, Douglas, and Older ignored him.  While inside the cell, the inmate  "swung a knife" at the Plaintiff's face and the Plaintiff blocked the knife with his arm, sustaining a cut to his arm.  (Id.)  The Plaintiff called for help, and Defendants Davis and Lovine responded.  After a thirty minute delay, the Plaintiff received medical attention, his arm was photographed for documentation, and he was escorted by Lovine to the showers where the Plaintiff sat from 11:25 a.m. to 4:30 p.m. on "dirty and wet shower floors."  (Id. at 8).  The Plaintiff filed a grievance regarding the incident.

## IV.    Analysis

### A.    Section 1983 official capacity claims for monetary damages

The Plaintiff's § 1983 claims for monetary damages against any individual Defendant  in his

or her official capacity are barred by the Eleventh Amendment.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 71 (1989).   Thus, those claims must be dismissed.

**B.      Section 1983 failure to respond to grievances claims**

To the extent that any the Plaintiff's § 1983 claims are premised on a Defendant's response, or lack of response, to the Plaintiff's grievances and/or complaints, a plaintiff cannot premise a § 1983 claim on allegations that the an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective grievance procedure in the first place.  See Hewitt v. Helms, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991).   Because a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the Plaintiff's claims based on any Defendant's failure to respond to Plaintiff's grievances do not state a claim upon which relief can be granted.   These claims will be dismissed.

**C.      Failure to protect claims**

The complaint alleges that Defendants Veal, Lopez, Douglas, and Older failed to protect the Plaintiff from an assault by another inmate. Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–527, 104 S. Ct. 3194, 82 L.Ed.2d 393 (1984)).  Although prison officials have a duty to protect prisoners from assault by other prisoners, the Supreme Court has recognized that jail and prison officials cannot be expected to prevent every assault before it occurs or to stop every assault in progress before injuries are inflicted.  Thus, "a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates

face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Farmer</u>, 511 U.S. at 847. That is, the inmate must show both that the risk of harm is sufficiently "serious," an objective inquiry, and that prison officials acted with "deliberate indifference" to inmate health or safety, a subjective inquiry. <u>Id.</u> at 837-38; <u>Helling v. McKinney</u>, 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L.Ed.2d 22 (1993).

With regard to Defendants Lopez, Douglas, and Older, the complaint alleges that the inmate who assaulted the Plaintiff posed an objectively serious risk of harm to him and that these Defendants were subjectively aware of and deliberately disregarded any such risk. In particular, the complaint alleges that the Plaintiff was afraid of the other inmate, that this inmate had threatened the Plaintiff with physical harm, and that these Defendants had reason to believe this inmate posed a serious risk of harm to the Plaintiff because they heard the inmate threaten to stab the Plaintiff. The complaint alleges that Defendants Lopez, Douglas, and Older were deliberately indifferent to the Plaintiff's risk of injury when they placed him in the cell with the inmate who had threatened to stab the Plaintiff. The Court finds that the Plaintiff has stated colorable claims for relief against Lopez, Douglas, and Older. The complaint fails to allege that Defendant Veal was subjectively aware of and deliberately disregarded the risk of harm to the Plaintiff when Veal instructed Defendants Lopez, Douglas, and Older to place the Plaintiff in segregation. The complaint fails to state a failure to protect claim against Defendant Veal.

D.      **Cruel and unusual punishment claims**

The complaint alleges that, after the attack, Defendant Lovine left the Plaintiff in the "segregation showers" from 11:25 a.m. to 4:30 p.m. during which time the Plaintiff had to sit on the dirty and wet shower floors. (Doc. No. 1 at 8). The Plaintiff alleges that this act constituted cruel

and unusual punishment in violation of the Plaintiff's constitutional rights.

The Constitution does not protect a prisoner from unpleasant prison experiences. Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). Nor does the Constitution mandate comfortable conditions of confinement. Rhodes v. Chapman, 452 U.S. 337, 101 S. Ct. 2400, 69 L.Ed.2d 59 (1981). However, the Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. Grubbs v. Bradley, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir. 1984).

Although the complaint alleges that the conditions of the Plaintiff's five hour stay in segregation while in showers constituted cruel and unusual punishment in violation of the Eighth Amendment because the Plaintiff had to sit on the wet, cold shower floors, the Plaintiff has not claimed any injury or harm as a result of the alleged conditions of his confinement. Without an allegation of injury or harm, a plaintiff does not state a viable Eighth Amendment claim. See Moore v. Merchant, No. 5:13CV-P81-R, 2013 WL 6590395, at *4 (W.D. Ky. Dec. 16, 2013)(finding that, "[i]n any event, Merchant does not allege that he was subjected to any physical injury as a result of the actual conditions in the segregated housing unit, and 42 U.S.C. § 1997e(e) precludes any claim by a prisoner 'for mental or emotional injury suffered while in custody without a prior showing of physical injury.'"). Furthermore, "not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." Ivey v. Wilson, 832 F. 2d 950, 954 (6th Cir. 1987). "'Placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against

society.'" Harden–Bey v. Rutter, 524 F.3d 789, 795 (6th Cir. 2008) (quoting Murray v. Unknown Evert, 84 F. App'x 553, 556 (6th Cir. 2003)).  Consequently, the Court finds that the complaint fails to states colorable Eighth Amendment claims based on the allegations pertaining to the conditions of the Plaintiff's segregation confinement in the showers.  These claims will be dismissed.  28 U.S.C. § 1915A.

### E.      Medical care claims

The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976); Brooks v. Celeste, 39 F.3d 125, 127 (6th Cir. 1994).  A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component.  Rouster v. Cnty. of Saginaw, 749 F.3d 437, 446 (6th Cir. 2014).  A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious."  Id. (quoting Farmer, 511 U.S. at 834).   A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk."  Id.

Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief.  Estelle, 429 U.S. at 105-06.  A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation.  Id. at 107.  Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law.  Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th

Cir. 1976). Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of such alleged denial. See Thaddeus-X v. Blatter, 175 F.3d 378, 401 (6th Cir. 1999).

To the extent that the complaint alleges a medical indifference claim based on any staff delay in responding to the Plaintiff's injuries after the attack, the complaint states that, immediately after being notified of the Plaintiff's attack, Defendants Davis and Lovine contacted liason Christopher Bruhn, who told the Defendant officers to escort the Plaintiff to the showers. (Doc. No. 1 at 7). Although the complaint alleges that the Plaintiff had to wait for half an hour in the showers before being escorted to the medical building, the Plaintiff was treated upon his arrival. (Id.)

The complaint fails to allege that the Plaintiff suffered any additional injury as a result of the thirty minute delay by staff to escort the Plaintiff from the showers to the medical building. The Court finds that, under the facts alleged, the complaint fails to state an Eighth Amendment claim based on a delay in providing medical care to the Plaintiff. Any such claims must be dismissed.

**F.      Remaining Defendants**

First, the complaint names the State of Tennessee as a Defendant for its "part in allowing violations of inmate rights." (Doc. No. 1 at 8). However, the Eleventh Amendment to the United States Constitution prohibits suits against a state in federal court for damages. Kentucky v. Graham, 473 U.S. 159, 169-70 (1985). Furthermore, a state is not a person within the meaning of § 1983. Will v. Michigan, 491 U.S. 58, 71 (1989)("We hold that neither a State nor its officials acting their official capacities are 'persons' under § 1983."). The Plaintiff's claims against the State of Tennessee, therefore, are barred by the Eleventh Amendment and do not fall within the purview of § 1983. See Horton v. Martin, 137 F. App'x 773, 775 (6th Cir. 2005) (dismissing damages claim

against state parole board under the Eleventh Amendment)(citing <u>Pennhurst State Sch. & Hosp. v.</u> <u>Halderman</u>, 465 U.S. 89, 100-01, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984)). Thus, the Plaintiff's claims against the State of Tennessee must be dismissed.

The complaint also names "Core Civics of America" as a Defendant for its "part in allowing violations of inmate rights." (Doc. No. 1 at 4, 8). The complaint does not explain what part Core Civic purportedly played in the violation of the Plaintiff's rights. Because it performs a traditional state function in operating a state prison, Core Civic acts under the color of state law. <u>Street v. Corr.</u> <u>Corp. of Am.</u>, 102 F.3d 810, 814 (6th Cir.1996). However, unlike the state, Core Civic is not entitled to Eleventh Amendment immunity and may be liable under § 1983 "if its official policies or customs resulted in injury to the plaintiff." <u>O'Brien v. Mich. Dep't of Corr.</u>, 592 Fed. Appx. 338, 341 (6th Cir. 2014); <u>see also Mason v. Doe</u>, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right").

To hold Core Civic liable, the Plaintiff cannot rely on the theory of respondeat superior or vicarious liability. <u>Street</u>, 102 F.3d at 818. Liability for failure to protect the Plaintiff attaches only if Core Civic's policies were shown to be the "moving force" behind the Plaintiff's injury. <u>City of</u> <u>Canton v. Harris</u>, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989). Here, the complaint does not describe how a Core Civic policy is responsible in full or in part for the Plaintiff's injury. Moreover, an allegation that Core Civic had a duty to hire and train competent staff is entirely conclusory and insufficient to identify a Core Civic policy and tie that policy to the Plaintiff's injury. <u>See Baxter v. Corizon Health, Inc.</u>, No. 1:14-cv-1347-JDT-egb, 2015 WL 5707062, at *5 (W.D. Tenn. Sept. 28, 2016). Therefore, for purposes of the initial screening of the Plaintiff's claims

against Core Civic required by the PLRA, the Court finds that the complaint fails to state Eighth Amendment claims against Core Civic.

Next, the complaint alleges that Defendants Washburn and Veal "should be added to the suit . . . for their involvement and for mis-handling their subordinates ['] actions." (Doc No. 1 at 8). Under § 1983, however, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "[A] plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." Iqbal, 556 U.S. at 676. There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates. See Bellamy, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his or her subordinates, but fails to act, generally cannot be held liable in his or her individual capacity. Grinter v. Knight, 532 F.3d 567, 575–76 (6th Cir. 2008); Gregory v. City of Louisville, 444 F.3d 725, 751 (6th Cir. 2006); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby Cnty. Bd. of Educ., 76 F.3d 716, 727–28 (6th Cir. 1996). The allegations of the complaint as to Defendants Washburn or Veal do not meet this requirements and therefore fail to state a claim upon which relief can be granted. Consequently, the claims against these Defendants must be dismissed.

The complaint names Trousdale Turner County and the City of Hartsville as Defendants again "for their part in allowing violations of inmate rights." (Doc. No. 8). In order to sue a local government under § 1983, the Plaintiff must allege that "it is [the] execution of [the] government's

policy or custom . . . [that] inflicts the injury . . . ." <u>Monell v. Dep't of Soc. Serv.</u>, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978). In short, for either the county or the city to be liable to the Plaintiff under § 1983, there must be a direct causal link between an official policy or custom and the alleged violation of the Plaintiff's constitutional rights. <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989).

Here, the Plaintiff offers nothing to suggest that his rights were violated pursuant to a policy or regulation of Trousdale Turner County or the City of Hartsville. Consequently, the complaint fails to state claims upon which relief can be granted under § 1983 against both Defendants. Those claims, therefore, will be dismissed.

The complaint also names the Trousdale Turner Correctional Center as a Defendant. However, the prison, like any other jail or workhouse, is not a "person" that can be sued under 42 U.S.C. § 1983. <u>Cf. Fuller v. Cocran</u>, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); <u>Seals v. Grainger County Jail</u>, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted against the Trousdale Turner Correctional Center, and all claims against the Center will be dismissed.

Finally, the complaint names the Tennessee Department of Correction as a Defendant to this action. However, the Department as a state agency is not a "person" for purposes of § 1983 liability. <u>Mumford v. Basinki</u>, 105 F.3d 264, 267 (6th Cir. 1997). Instead, the Tennessee Department of Correction is an agency of the State of Tennessee and, as such, is entitled to Eleventh Amendment immunity. <u>Id.</u> The Plaintiff's claims for monetary damages against the Tennessee Department of Correction therefore must be dismissed.

**V.     Conclusion**

As set forth above, the Court finds that the complaint states colorable Eighth Amendment failure to protect claims against Defendants Lopez, Douglas, and Older pursuant to § 1983.  28 U.S.C. § 1915A.  These claims survive the required PLRA screening and will proceed to further development.   However, the Plaintiff's remaining claims will be dismissed for failure to state a claim upon which relief can be granted.  Likewise, the Plaintiff's claims for monetary damages against any individual Defendant in his or her official capacity will be dismissed.

An appropriate Order will be entered.

_____

**WAVERLY D. CRENSHAW, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**