IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DAVID COLE, #440180,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **Case No. 3:17-cv-01197** |
| | )    **Judge Crenshaw / Frensley** |
| **WARDEN F/N/U WASHBURN, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion for Summary Judgment filed by Defendants Darren Douglas, Elizabeth Lopez, and Carrie Older, the remaining Defendants in this action.[1] Docket No. 24. In support of their Motion, Defendants have contemporaneously filed a supporting Memorandum of Law (Docket No. 25), a Statement of Undisputed Material Facts (Docket No. 26), and the Declarations of Darren Douglas (Docket No. 27), Elizabeth Lopez (Docket No. 28), Carrie Older (Docket No. 29), and Russell Washburn (Docket No. 30).

Plaintiff has not responded to the instant Motion or Statement of Undisputed Material Facts, nor has he filed his own Statement of Undisputed Material Facts.

Plaintiff, who at all times relevant to the instant action was an inmate incarcerated at the Trousdale Turner Correctional Center ("Trousdale"), filed this pro se, in forma pauperis action alleging that Defendants Douglas, Lopez, and Older violated his Eighth Amendment rights

---

[1] Warden Washburn, Chief Veal, Trousdale Turner Correctional Center, Core Civics of America, Tennessee Department of Correction, Trousdale Turner County, City of Hartsville, and State of Tennessee were dismissed as parties to this action in an Order entered by Judge Crenshaw on January 3, 2018. Docket No. 7.

pursuant to 42 U.S.C. § 1983.[2]  Docket No. 1.  Specifically, Plaintiff avers that Defendants were deliberately indifferent to his safety when they put Plaintiff into a cell with an inmate who told the officers that he would stab him.  *Id.*  Plaintiff further avers that Defendants ignored the inmate's threatening statement and that the inmate swung a knife at Plaintiff's face, hitting and cutting Plaintiff's arm instead.  *Id.*  Plaintiff then avers that Defendants ignored Plaintiff's cries for help.  *Id.*  Plaintiff sues Defendants in their official and individual capacities, seeking declaratory and injunctive relief, as well as nominal, compensatory, and punitive damages, along with costs, fees, and transfer to a Tennessee Department of Corrections facility.  *Id.*

In their Motion and supporting Materials, Defendants argue that they are entitled to summary judgment because: (1) the undisputed facts establish that Defendants provided Plaintiff with reasonable safety at all times, such that Plaintiff cannot sustain a claim for deliberate indifference; and (2) the undisputed facts establish that Plaintiff did not suffer a physical injury that was more than de minimus, as required under the Prison Litigation Reform Act.  Docket No. 24.

As noted, Plaintiff has not responded to the instant Motion or Statement of Undisputed Material Facts, nor has he filed his own Statement of Undisputed Material Facts.

For the reasons discussed below, the undersigned finds that there are no genuine issues as to material fact and Defendants are entitled to a judgment as a matter of law.  Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment (Docket No. 24) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

---

[2] As noted, Defendants Douglas, Lopez, and Older are the remaining Defendants in this action.  Accordingly, the undersigned will include only Plaintiff's allegations against them.

## II. Undisputed Facts[3]

### A. Declaration of Darren Douglas

Darren Douglas is an employee of CoreCivic of Tennessee, LLC ("CoreCivic"), who, at the time of his Declaration, served as a shift supervisor at Trousdale. Docket No. 27 ("Douglas Dec."), ¶ 1. Supervisor Douglas at all times undertakes to provide a safe and secure environment for all inmates at Trousdale, including Plaintiff. *Id.*, ¶ 3. Accordingly, Supervisor Douglas regularly conducts rounds in the housing units at Trousdale and continuously monitors the housing units for any indication that inmates are distressed, fearful, agitated, or violent. *Id.*, ¶ 4.

Supervisor Douglas remains available to inmates, including Plaintiff, in the event they have concerns or needs. *Id.*, ¶ 5.

Supervisor Douglas did not perceive, nor had reason to perceive, that Trousdale inmate Barry Lheureux was a danger to Plaintiff or any other inmate, and did not disregard any perceived danger. *Id.*, ¶ 6. Inmate Lheureux did not behave in a concerning or inappropriate manner, threaten Supervisor Douglas or other inmates including Plaintiff, or brandish a weapon of any sort in Supervisor Douglas' presence. *Id.*, ¶ 7.

Supervisor Douglas did not hear Inmate Lheureux make a threat to stab any inmate who was placed in a cell with him, nor did Plaintiff inform Supervisor Douglas that Inmate Lheureux had made such a threat. *Id.*, ¶ 8. If Supervisor Douglas had heard Inmate Lheureux make this threat, he would have separated Inmate Lheureux from Plaintiff and removed Inmate Lheureux

---

[3] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

from the housing unit.  *Id.*, ¶ 9.

**B.  Declaration of Elizabeth Lopez**

Elizabeth Lopez is an employee of CoreCivic of Tennessee, LLC ("CoreCivic"), who, at the time of her Declaration, served as a correctional officer at Trousdale.  Docket No. 28 ("Lopez Dec."), ¶ 1.  Officer Lopez at all times undertakes to provide a safe and secure environment for all inmates at Trousdale, including Plaintiff.  *Id.*, ¶ 3.  Accordingly, Officer Lopez regularly conducts rounds in the housing units at Trousdale and continuously monitors the housing units for any indication that inmates are distressed, fearful, agitated, or violent.  *Id.*, ¶ 4.

Officer Lopez remains available to inmates, including Plaintiff, in the event they have concerns or needs.  *Id.*, ¶ 5.

Officer Lopez did not perceive, nor had reason to perceive, that Trousdale inmate Barry Lheureux was a danger to Plaintiff or any other inmate, and did not disregard any perceived danger.  *Id.*, ¶ 6.  Inmate Lheureux did not behave in a concerning or inappropriate manner, threaten Officer Lopez or other inmates including Plaintiff, or brandish a weapon of any sort in Officer Lopez's presence.  *Id.*, ¶ 7.

Officer Lopez did not hear Inmate Lheureux make a threat to stab any inmate who was placed in a cell with him, nor did Plaintiff inform Officer Lopez that Inmate Lheureux had made such a threat.  *Id.*, ¶ 8.  If Officer Lopez had heard Inmate Lheureux make this threat, she would have separated Inmate Lheureux from Plaintiff and removed Inmate Lheureux from the housing unit.  *Id.*, ¶ 9.

**C.  Declaration of Carrie Older**

Carrie Older is a former employee of CoreCivic of Tennessee, LLC ("CoreCivic"), who,

at all times relevant to the instant action, served as a senior correctional officer at Trousdale. Docket No. 29 ("Older Dec."), ¶ 1. Senior Officer Older at all times undertook to provide a safe and secure environment for all inmates at Trousdale, including Plaintiff. *Id.*, ¶ 3. Accordingly, Senior Officer Older regularly conducted rounds in the housing units at Trousdale and continuously monitored the housing units for any indication that inmates were distressed, fearful, agitated, or violent. *Id.*, ¶ 4.

Senior Officer Older remained available to inmates, including Plaintiff, in the event they had concerns or needs. *Id.*, ¶ 5.

Senior Officer Older did not perceive, nor had reason to perceive, that Trousdale inmate Barry Lheureux was a danger to Plaintiff or any other inmate, and did not disregard any perceived danger. *Id.*, ¶ 6. Inmate Lheureux did not behave in a concerning or inappropriate manner, threaten Senior Officer Older or other inmates including Plaintiff, or brandish a weapon of any sort in Senior Officer Older's presence. *Id.*, ¶ 7.

Senior Officer Older did not hear Inmate Lheureux make a threat to stab any inmate who was placed in a cell with him, nor did Plaintiff inform Senior Officer Older that Inmate Lheureux had made such a threat. *Id.*, ¶ 8. If Senior Officer Older had heard Inmate Lheureux make this threat, she would have separated Inmate Lheureux from Plaintiff and removed Inmate Lheureux from the housing unit. *Id.*, ¶ 9.

**D. Declaration of Russell Washburn**

Russell Washburn is an employee at Trousdale, who, at the time of his Declaration, served as the Trousdale Warden. Docket No. 30 ("Washburn Dec."), ¶ 1. CoreCivic contracts with the Tennessee Department of Correction ("TDOC") to operate Trousdale. *Id.*, ¶ 3.

Defendants Darren Douglas and Elizabeth Lopez are employees of CoreCivic, and work at Trousdale. *Id.*, ¶ 4. Defendant Carrie Older is a former employee of CoreCivic, who worked at Trousdale. *Id.*, ¶ 5.

On June 29, 2017, Plaintiff was involved in an altercation with Trousdale inmate Barry Lheureux, during which Lheureux assaulted him with a razor blade. *Id.*, ¶ 6. Medical providers' evaluations of Plaintiff following the assault reflect that Plaintiff suffered a minor, superficial laceration to his left forearm that was treated with hydrogen peroxide and gauze. *Id.*, ¶ 7; Ex. A.

CoreCivic policies are designed and intended to ensure that CoreCivic employees provide an appropriate level of protection to inmates who have been determined to require such protection. *Id.*, ¶ 8; Ex. B. When CoreCivic employees receive information which indicates that an inmate may be in danger from other inmates, CoreCivic policies provide that immediate inquiry shall be made concerning the facts of the situation to determine whether such alleged threats are substantiated and whether immediate protection is needed. *Id.*, ¶ 9. CoreCivic requires an investigation into the information received because of the voluminous number of instances of inmates reporting threats from other inmates, which are often unsubstantiated. *Id.*, ¶ 10. CoreCivic policies require that employees fully and immediately document all information received regarding threats to inmates incarcerated at Trousdale. *Id.*, ¶ 11. Plaintiff's records do not contain documentation of any threats made by Inmate Lheureux prior to the altercation that occurred on June 29, 2017. *Id.*, ¶ 12.

For each inmate incarcerated at Trousdale, CoreCivic keeps documentation of inmates with whom that inmate is incompatible. *Id.*, ¶ 13. Prior to the altercation on June 29, 2017, Inmate Lheureux was not included on the list of inmates with whom Plaintiff was incompatible.

*Id.*, ¶ 14.

## III.  Law and Analysis

### A.  Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> **b.  Response.**  Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court.  Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendants filed the instant Motion on January 22, 2019.  Docket No. 24.  Plaintiff has failed to respond to Defendants' Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c.  Response to Statement of Facts.**  Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed.  Each disputed fact must be supported by a citation to the record. ...
>
> . . .
>
> **g.  Failure to Respond.**  Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendants' Statement of Undisputed Facts or file his own Statement of Undisputed Facts.  Pursuant to Local Rule 56.01(g), Plaintiff's failure to

7

respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

### B. Motion for Summary Judgment

It would be inappropriate to grant Defendants' Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendants have met their burden under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548,

8

2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C. 42 U.S.C. § 1983**

    **1. Generally**

Plaintiff alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper

proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

### 2. Eighth Amendment

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

**D.  The Case at Bar**

The undisputed facts establish that CoreCivic policies require that employees fully and immediately document all information received regarding threats to inmates at Trousdale, and that Plaintiff's records do not contain documentation of any threats made by Inmate Lheureux to Plaintiff prior to the June 29, 2017 altercation that resulted in Plaintiff sustaining a minor, superficial laceration to his left forearm that was treated by the medics with hydrogen peroxide and gauze.  Washburn Dec., ¶¶ 6, 7, 11, 12; Ex. A.  The undisputed facts further establish that CoreCivic keeps documentation of inmates with whom that inmate is incompatible, and that, prior to the June 29, 2017 altercation, Inmate Lheureux was not included on the list of inmates with whom Plaintiff was incompatible. *Id.*, ¶¶ 13, 14.

The undisputed facts also establish that: (1) Defendants at all times undertook to provide a safe and secure environment for all inmates at Trousdale, including Plaintiff; (2) Defendants regularly conducted rounds in the housing units at Trousdale and continuously monitored the housing units for any indication that inmates were distressed, fearful, agitated, or violent; (3) Defendants did not perceive or have reason to perceive that Inmate Lheureux was a danger to Plaintiff or any other inmate; (4) Defendants did not disregard any perceived danger; (5) Inmate Lheureux did not behave in a concerning or inappropriate manner, threaten Defendants, threaten Plaintiff or other inmates, or brandish a weapon of any sort in Defendants' presence;

11

(6) Defendants did not hear Inmate Lheureux threaten to stab any inmate who was placed in a cell with him, nor did Plaintiff inform Defendants of such a threat; and (7) if Defendants had heard Inmate Lheureux make such a threat, they would have separated Inmate Lheureux from Plaintiff and removed Inmate Lheureux from the housing unit. Douglas Dec., ¶¶ 3, 4, 6. 7, 8, 9; Lopez Dec., ¶¶ 3, 4, 6. 7, 8, 9; Older Dec., ¶¶ 3, 4, 6. 7, 8, 9.

Thus, the undisputed facts establish that there was no known threat by Inmate Lheureux to Plaintiff's safety to which Defendants could have been deliberately indifferent. Defendants are therefore entitled to a judgment as a matter of law.

## IV. Conclusion

For the foregoing reasons, the undersigned finds that no genuine issues as to material fact exist and that Defendants are entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment (Docket No. 24) be GRANTED and that Plaintiff's claims be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge

13