# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DAVID COLE, #440180, | ) |
|     Plaintiff, | ) |
| v. | ) No. 3:17-cv-01197 |
| | ) Chief Judge Crenshaw |
| WARDEN F/N/U WASHBURN, *et al.*, | ) |
|     Defendants. | ) |

## ORDER

This case presents a cautionary tale about rules and orders, and the consequences of failing to follow them. It began when David Cole sued his jailers at the Trousdale Turner Correctional Center claiming that they wrongfully housed him with Barry Lheureux knowing full-well that Lheureux was bent on stabbing any inmate who was placed in a cell with him. Cole also alleged that, once placed in the cell, Lheureux slashed at his face with a knife and cut his arm. In response, Defendants contend this is a marked distortion of what actually occurred. They claim to have had no knowledge that Lheureux presented a danger to Cole, or to any other inmate for that matter. They also assert that the assault involved a razor blade (not a knife), and the cut required only cleaning with hydrogen peroxide and the application of gauze.

Defendants moved for summary judgment insisting their version of the events was correct. Two grounds served as the basis for the motion. First, in the absence of any knowledge of violent proclivities by Lheureux, they could not be found "deliberately indifferent" within the meaning of the Eighth Amendment. Second, the cut was superficial and therefore *de minimus* for purposes of the Prisoner Litigation Reform Act, 42 U.S.C. § 1997(e). The motion was supported by declarations filed in accordance with Rule 56(c)(1) of the Federal Rules of Civil Procedure, and accompanied

by a Statement of Undisputed Material Facts as required by Local Rule 56.01(b). Cole did not respond to the motion or statement of facts, nor did he filed any request for an extension of time within which to do so.

Magistrate Judge Frensley has entered a Report and Recommendation (Doc. No. 31) in which he recommends that Defendant's Motion for Summary Judgement (Doc. No. 24) be granted. In doing so, he correctly observed that this Court's Local Rule require that "any party opposing a motion must serve and file a memorandum of law in response, and, if necessary to support assertions of fact, affidavits and depositions," within twenty-one days of service when the motion is for summary judgment. L.R. 7.01. He also correctly pointed out that this Court's Local Rule provides specific requirements in relation to motions for summary judgment. These include: (1) any such motion "must be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial," L.R. 56.01(b); (2) the party opposing the motion shall have twenty-one (21) days after service of the motion in which to serve a response, unless otherwise ordered by the Court," id. 56.01(b); (3) "[a]ny party opposing the motion for summary judgment must respond to each fact set forth by the movant," id. 56.01(c); and (4) "if timely response to a moving party's statement of material facts . . . is not filed within the time periods provided by these rules, the asserted facts shall be deemed undisputed for purposes of summary judgment," id. 56.01(f).

In light of Cole's failure to file any response, Magistrate Judge Frensley credited Defendant's version of the events and ruled in their favor. Upon *de novo* review as required by Rule 72(b) of the Federal Rule of Civil Procedure, this court agrees with that disposition. Cole has failed to present a factual issue as to whether any Defendant acted with "'deliberate indifference' to a substantial risk

2

of serious harm," Mingus v. Butler, 591 F.3d 474, 480 (6th Cir. 2010) for purposes of the Eighth Amendment. Nor has he shown that his injury was sufficiently serious because "minor cuts and lacerations" do not support an Eighth Amendment claim. Lockett v. Suardini, 526 F.3d 866, 877 (6th Cir. 2008); see Blackmore v. Kalamazoo Cty., 390 F.3d 890, 98 (6th Cir. 2004) (collecting cases involving nonobvious and minor injuries that did not support Eighth Amendment claims, including minor cuts and bruises resulting from a glass splinter that required neither stitches nor painkillers).

The rules on which both Magistrate Judge Frensley and this Court rely are clear and concise. "Although courts must construe liberally the contents of a pro se complaint, . . . it does not follow that courts must excuse a pro se plaintiff's failure to comply with straightforward rules for which no legal training is required." In re Edwards, 748 F. App'x 695, 700 (6th Cir. 2019) (citing Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)). This includes "procedural rules that govern civil cases," Frame v. Superior Fireplace, 74 F. App'x 601, 603 (6th Cir. 2003) and "comprehensible court requirements[.]" United States v. Barrow, No. 17-1628, 2018 WL 2670617, at *2 (6th Cir. Feb. 8, 2018).

Cole cannot feign ignorance of his obligation to respond, even if he did not know of the existence of the Federal Rules or this Court's Local Rules. The Scheduling Order entered by Magistrate Judge Frensley contemplated the filing of dispositive motions and provided:

> Responses to motions for summary judgment shall be filed within twenty-one (21) days of the filing of the motion. Plaintiff is forewarned that dispositive motions must be responded to as set forth herein, unless an extension is granted by the Court, and that failure to respond to the motion and to statements of facts may result in the Court taking the facts alleged in the matter as true and granting the relief requested. In responding to the motions for summary judgment, plaintiff may not just rely on the complaint. Plaintiff must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence. Plaintiff should read and comply

3

with Federal Rule of Civil Procedure 56 and Local Rule 56.01.

(Doc. No. 13 at 2-3). Cole ignored all of this. "When a pro se litigant 'fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant.'" In re Edwards, 748 Fed. App'x at 700 (quoting Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996)).

Cole's failure to follow the rules continued even after Magistrate Judge Frensley recommended that summary judgment be granted. In the R&R, Cole was informed that "[u]nder Rule 72(b) of the Federal Rules of Civil Procedure," he had "fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court," and that the ""[f]ailure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation." (Doc. No. 31 at 12). The referenced rule provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."

After the R&R was issued, however, Cole filed nothing that even remotely resembled an objection. Instead, he filed a "Statement" (Doc. No. 32) that does not even mention the R&R. Nor could it: the statement purports to have been written on June 24, 2017, fully a month before this case was even filed. It could be that the "Statement" is intended to contest the facts asserted by Defendants in their Motion for Summary Judgment. If so, it comes far too late. It is also deficient because "Statement" it is not in the form of an affidavit or declaration as required by Rule 56(c). And, no matter how it is characterized or intended, the "Statement" is unsigned and violates Rule 11's requirement that "[e]very pleading, written motion, or other paper must be signed . . . by [the]

4

party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

The long and the short of it is that neither this Court nor a jury will ever consider what Defendants actually knew when they placed Cole in a cell with Lheureux, and what happened in that cell. This is the direct consequence of Cole's failure to follow simple rules and orders.

Accordingly, the Court rules as follows:

(1) The R&R (Doc. No. 31) is **APPROVED** and **ADOPTED;**

(2) Defendants' Motion for Summary Judgment (Doc. No. 24) is **GRANTED**; and

(3) This case is **DISMISSED WITH PREJUDICE**.

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE